ARMSTRONG, Judge.
This is an appeal from a default judgment rendered against the defendant, Liquid Air Corporation (“Liquid Air”). The plaintiff is the law firm of Sessions & Fish-man.
Sessions & Fishman instituted this action against Liquid Air seeking full payment of attorney’s fees due on an open account for legal services it performed on behalf of Liquid Air. In 1989, Liquid Air retained the services of Sessions & Fishman to defend it in three different lawsuits that were pending in the United States District Court for the Eastern District of Louisiana.
*233 After all of the lawsuits were compromised and settled, Sessions & Fishman sent Liquid Air three final invoices. Each invoice was dated September 19, 1990 and indicated the following balances were due: in the Herbert case, $53,570.27; in the Beasley case, $1,020.60; and in the Billiot case, $1,479.00. The three invoices totaled $56,069.89. Sessions & Fishman alleged in its petition that after repeated requests for payment, Liquid Air did not pay the September 19, 1990 invoices except that in January of 1991 Liquid Air, through its claim agent, transmitted to Sessions & Fishman a check in the amount of $8,472.99 which constituted the amount of charges billed to the defendant for out-of-pocket costs expended by the plaintiff as itemized in the three bills. After giving Liquid Air credit for the full amount of the January payment, the remaining balance due was $47,596.90. On January 14, 1991, through one of its partners, Sessions & Fishman transmitted to Liquid Air a written demand for payment in accordance with La.R.S. 9:2781, but received no response.
Sessions & Fishman subsequently filed suit against Liquid Air on February 18, 1991. The record reflects that Liquid Air was personally served with a copy of the citation and petition on February 5, 1991.[1] The record also reflects that no answer or other response was filed by Liquid Air. A preliminary default was rendered by the trial court on March 13, 1991. Thereafter, Sessions & Fishman filed its motion to confirm the default on March 18, 1991. In its motion to Confirm Default Judgment, Sessions & Fishman certified that service had been made on Liquid Air, no response had been filed and preliminary default had been taken against Liquid Air. Sessions & Fish-man also attached the affidavit of Harvey L. Strayhan, one of its law partners. In his affidavit, Strayhan testified that he had personal knowledge of the underlying facts of the instant action. Strayhan also explained each allegation contained in Sessions & Fishman’s petition.
Accordingly, the trial court rendered judgment in favor of Sessions & Fishman in the amount of $47,596.96 plus interest, costs and attorney’s fees calculated at 25% of the principle demand.
On appeal, Liquid Air contends that the trial court erred in rendering the default judgment because Sessions & Fishman did not prove a prima facie case or meet the certification requirements of LSA-C.C.P. art. 1702.1. Liquid Air also contends that the trial court erred in awarding an unreasonable fee of 25% of the principal amount due and/or in awarding a fee when Sessions & Fishman failed to certify that defendant received the demand letter and that the letter was attached.
Sessions & Fishman obtained its confirmation of default judgment pursuant to LSA-C.C.P. arts. 1701, 1702 and 1702.1:
Art. 1701 Judgment by default
A.If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him ... Art. 1702 Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
* * * * * *
B. (3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be pri-ma facie proof....
C. In those proceedings in which the sum due is on an open account ..., a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than two copies of the proposed final judgment ...
*234 Art. 1702.1 Confirmation of default judgment without a hearing in open court; required information; certification
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(E){1) and (C), along with any other proof required by law, he or his attorney shall include, in an itemized form with the motion and the judgment, a certification that the suit is on an op,en account, promissory note, or other negotiable instrument or on a conventional obligation and that the necessary invoices and affidavit or note and affidavit are attached. If attorney’s fees are sought under R.S. 9:2781, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of the service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed, (emphasis added.)
LSA-C.C.P. art. 1702 directs that a default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. See Smith v. Moore, 539 So.2d 888 (La.App. 4th Cir.1989), writ den., 544 So.2d 406 (La.1989); Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir. 1989); Roll-Lite Overhead Doors v. Clover Contr., Inc., 527 So.2d 500 (La.App. 5th Cir.1988), writ den., 532 So.2d 115 (La.1988). A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required if those allegations had been specifically denied. Smith v. Moore, supra; Iberoamericano Advertising v. Schweikert, 464 So.2d 899 (La.App. 4th Cir. 1985); Premier Brands, Inc. v. Martiny, 377 So.2d 864 (La.App. 4th Cir.1979); Thomas v. Calhoun Properties, Inc., 576 So.2d 1172 (La.App. 3d Cir.1991), writ den., 578 So.2d 934 (La.1991); Gulf States Asphalt Co., Inc. v. Baton Rouge Serv., Inc., 572 So.2d 148 (La.App. 1st Cir.1990); Roll-Lite Overhead Doors v. Clover Contr., Inc., supra; Buddy Patterson Gateway Gulf Serv. v. Howell, 392 So.2d 140 (La. App. 1st Cir.1980). Thus, article 1702 prescribes that, to confirm the default judgment, Sessions & Fishman had the burden of providing evidence which established Liquid Air owed it the sum of $47,596.90 for legal fees.
To meet its burden for confirmation of its default judgment, Sessions & Fish-man filed its motion to confirm, a certification that the suit is on an open account and the affidavit of correctness by Strayhan. Strayhan’s affidavit established that he had personal knowledge of the legal services performed on behalf of Liquid Air. Stray-han stated that all the charges were incurred through the defense of the three suits. Strayhan itemized Liquid Air’s account, listed the total amounts charged in each suit, totalled those three amounts, subtracted Liquid Air’s only payment and then totalled the unpaid balance.
This evidence sufficiently exposes the basis for the amounts charged to Liquid Air and proves the essential allegations of the petition to the extent required as if the allegations had been specifically denied. Consequently, it meets the evidentiary requirements of article 1702(A). The record also indicates that Sessions & Fishman complied with the requirements of LSA-C.C.P. art. 1702.1 by submitting to the court the necessary certifications. As it certified that the suit is on an open account and all of the evidence necessary to establish a prima facie case under article 1702 was attached to the default papers, the requirements of the provision were met.
With respect to the trial court’s award of $11,899.15 for attorney’s fees of 25% of the principal amount due, we vacate the award on two grounds. First, the certification requirement of article 1702.1(A) for attorney’s fees was not met as Sessions & *235 Fishman failed to certify that it attached the return receipt of the demand letter showing the number of days required by LSA-R.S. 9:2781(A) elapsed prior to the filing of suit. Second, it does not appear as if the trial court considered the appropriate factors when it determined the amount of Sessions & Fishman’s fee.[2] Even though the amount of attorney’s fees awarded under LSA-R.S. 9:2781(A) is left to the discretion of the trial court, the statute directs that a defendant “shall be liable for reasonable attorney’s fees for the prosecution and collection of [a suit on an open account] when judgment of such a claim is rendered in favor of a claimant.” Julius Cohen Jewelers, Inc. v. Succession of Jumonville, 506 So.2d 535 (La.App. 1st Cir. 1987), writ den., 511 So.2d 1155 (La.1987). Thus, the award to Sessions & Fishman of 25% of its claim, is an apparent abuse of the trial court’s discretion.
For the foregoing reasons, the judgment of the trial court is affirmed, but the award of attorney’s fees is vacated. The case is remanded to the trial court for a determination of reasonable attorney’s fees. Costs of this appeal are to be paid by appellant.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
ALVIN RUDY EASON, J. Pro Tern., dissents without reason.

. This Certification for the Default Judgment Confirmation on Open Account, Promissory Note or Other Negotiable Instrument, a form document, incorrectly reflects that the suit number is 90-3275, rather than 91-3275.

. The following factors should be considered when a trial court makes an award of attorney’s fees pursuant to LSA-R.S. 9:2781(A):
1) the ultimate result obtained;
2) the responsibility incurred;
3) the importance of the litigation;
4) the amount involved;
5) the extent and character of the labor performed;
6) the legal knowledge, attainment and skill of the attorney;
7) the number of appearances made;
8) the intricacies of the facts and law involved;
9) the diligence and skill of counsel;
10) the court’s own knowledge; and
11) the ability of the party liable to pay.
Hoskins v. Ziegler, 506 So.2d 146 (La.App. 4th Cir. 1987), writ den., 512 So.2d 460 (La.1987); Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir.1976); Julius Cohen Jewelers, Inc. v. Succession of Jumonville, 506 So.2d 535 (La.App. 1st Cir.1987), writ den., 511 So.2d 1155 (La.1987).