691 So.2d 265 (1997)
Herbert McGOWAN
v.
WARWICK CORPORATION and the City of New Orleans.
No. 96-CA-0851.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1997.
Nicolas Estiverne, Nicolas Estiverne & Associates, New Orleans, for Appellee.
Robert W. Mouton, Matthew K. Brown, Locke Purness Rain Harrell, New Orleans, for appellant Warwick Corporation.
Before CIACCIO, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
This case arises from a claim made by Herbert McGowan against his employer for McGowan's arrest and detention for allegedly robbing hotel guests at the Comfort Inn. The trial court awarded a default judgment in favor of McGowan and against his employer, the Warwick Corporation (Warwick), which was confirmed. We affirm.
The facts in the case are undisputed. McGowan was employed in housekeeping at the Comfort Inn hotel at 1513 Gravier Street on April 18, 1994, when he delivered towels to a guest's room. When the guests discovered that money and a gun were missing from their room, they insisted that the hotel call the police. During the course of their investigation, the police questioned McGowan, *266 and then arrested him and placed him in custody. He was released from Central Lock-Up six weeks later after the Warwick management notified the police that the gun had been found.
McGowen filed suit against the Warwick Corporation for false accusation, false imprisonment, mental distress, public embarrassment, and defamation. Warwick did not answer the petition for damages, and McGowan took a default judgment against Warwick which was subsequently confirmed. McGowan was awarded $5,000.00 for general damages and $990.00 in lost wages, both with interest.
Warwick timely appealed the default judgment and raised as its only assignment of error the following:
The trial court erred in permitting an employee of the Warwick Corporation to bring a tort action against Warwick for damages arising out of the employee's arrest (1) by the police, (2) at his place of employment and (3) in connection with events that allegedly occurred at his place of employment. (Emphasis added).
Warwick argues only that McGowan's exclusive remedy is under the Worker's Compensation Act[1] and, consequently, the district court did not have subject matter jurisdiction.
We disagree. McGowan's petition claims damages for false accusation, false imprisonment, public embarrassment, and defamation, none of which resulted in physical or mental injury as contemplated by the Act. McGowan's action, therefore, is in tort over which the district court had subject matter jurisdiction.
Because Warwick does not assign or brief as error insufficiency of the evidence presented at the confirmation of default hearing, that issue is not before us.
Accordingly, the trial court judgment is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting.
I respectfully dissent from the majority opinion affirming the trial court default judgment in favor of plaintiff Herbert McGowan and against defendant Warwick Corporation. Because the record contains insufficient evidence to support McGowan's allegations that his employer, Warwick Corporation, committed an intentional tort which caused his alleged injury, I would find that the trial court improperly granted the default judgment and reverse.
At the hearing on the default judgment, McGowan admitted that he had delivered some towels to the room where the robbery occurred early in the day on April 18, 1994, but claimed that he had not stolen anything from the room. However, later that day, at the insistence of the guest occupying the room, Comfort Inn personnel called the New Orleans Police, asking them to investigate an alleged theft of money and a gun from the room. The police who answered the call questioned McGowan, then arrested him on the basis of their investigation. McGowan was incarcerated for approximately six weeks, after which time the charges were dropped and he was discharged. He later learned, when he went to the hotel to try to get his job back, that the money and gun had been found.
On the basis of McGowan's testimony, the trial court entered a default judgment against Warwick Corporation. After the hearing on the default judgment, and prior to the issuance of the trial court judgment, Warwick filed an exception of insufficiency of service of process. That exception was later withdrawn, and Warwick Corporation filed the instant appeal. On appeal, Warwick makes the following assignment of error:
The trial court erred in permitting an employee of Warwick Corporation to bring a tort action against Warwick for damages arising out of the employee's arrest (1) by the police, (2) at his place of employment and (3) in connection with events that allegedly occurred at his place of employment.
*267 On the basis of that assignment of error, the majority states that the only argument raised by the Warwick Corporation on appeal is that McGowan's exclusive remedy is in workers' compensation and that the district court lacked subject-matter jurisdiction to enter the default judgment. The majority finds specifically that Warwick Corporation neither briefed or assigned as error the sufficiency of the evidence presented at the confirmation of default hearing. Unquestionably, Warwick Corporation's primary argument on appeal is that the trial court lacked subject-matter jurisdiction over the claim because McGowan's alleged injuries arose out of his employment duties with Warwick Corporation, making his exclusive remedy against Warwick Corporation workers' compensation, in the absence of evidence of an intentional tort. LSA-R.S. 23:1032. The majority correctly finds that the court does have subject-matter jurisdiction over McGowan's claim which is expressly brought in tort; I have no problem with that portion of the opinion.
However, I disagree with the majority's statement that Warwick Corporation did not assign as error the insufficiency of the evidence to support the default judgment presented at the confirmation hearing. As demonstrated by the above quotation of the only assignment of error made by Warwick Corporation, sufficiency of the evidence is the Warwick Corporation's primary concern on appeal. Neither subject-matter jurisdiction nor insufficiency of the evidence is mentioned in the only assignment of error set out by Warwick Corporation. The assignment of error can as easily be interpreted to raise the issue of insufficiency of the evidence, as it can to raise the issue of lack of subject-matter jurisdiction. For the reasons which follow, I would find that McGowan presented insufficient evidence of an intentional tort on the part of Warwick Corporation to support the default judgment entered by the trial court.
La.C.C.P. art. 1702(A) requires that a default judgment be confirmed only "by proof of the demand sufficient to establish a prima facie case." Thus, the plaintiff seeking to confirm a default judgment has the burden of proving, by competent evidence, a prima facie case, meaning he must present proof of each of the essential elements of his cause of action just as though each element had been specifically denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 603 So.2d 232, 234 (La.App. 4th Cir.1992). The evidence must be sufficient to convince the court that the plaintiff would probably prevail at a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001,1004 (La.1989). The elements of the claim must be established to a legal certainty. C. & V. Gravel, Inc. v. Maco Construction Corp., 465 So.2d 938, 943 (La.App. 2d Cir.1985).
A review of the record in the instant case reveals that the intentional tort alleged by McGowan in an effort to avoid the exclusivity provisions of the workers' compensation law is not supported by proof of each of the elements of his cause of action as required by La. C.C.P. art. 1702(A). Although McGowan did indeed allege intentional torts against Warwick Corporation, nothing in the record of the hearing on the default judgment supports a judgment against Warwick Corporation for an intentional tort. In fact, according to McGowan's own testimony, the only action taken by Warwick Corporation relating to his arrest and/or imprisonment was a telephone call to the New Orleans Police made by Comfort Inn personnel at the insistence of the guest who reported the alleged theft, which is at best a negligent tort, subject to the exclusive worker's compensation provisions. Because the record does not support a judgment against Warwick Corporation for an intentional tort, McGowan's exclusive remedy against Warwick Corporation is workers' compensation under the provisions of LSA-R.S. 23:1032. The trial court judgment confirming the default judgment was improvidently granted because the record evidence was insufficient to support the default judgment. Accordingly, the default judgment should be reversed.
NOTES
[1] See La.Rev.Stat. 23:1021 et seq.