759 So.2d 880 (2000)
Hong PHAM & Kim Oanh Nguyen
v.
CONTICO INTERNATIONAL, INC., Contico Manufacturing Company, Lester Miller, Advance Polybag, Inc. & Alpine Plastics, Inc.
No. 99-CA-945.
Court of Appeal of Louisiana, Fifth Circuit.
March 22, 2000.
Frank J. D'Amico, Jr., A. Spencer Gulden, New Orleans, Louisiana, Attorneys for Plaintiffs/Appellants.
Joseph B. Guilbeau, Colleen E. Boyle, Metairie, Louisiana, Attorney for Defendants/Appellees.
*881 Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and MARION F. EDWARDS.
DALEY, Judge.
Does a workers' compensation claimant have a cause of action in tort against his employer for spoliation of evidence to be used against a third party in a tort suit? The district court said no, and granted the defendant employer's Motion for Summary Judgment. This appeal follows.
Plaintiff, Hong Pham, alleges in his petition that he was injured in the course and scope of his employment with Alpine Plastics, Inc., on June 19, 1997, when he leaned against a Contico collapsible crate that gave way. Pham fell against the other side of the crate, sustaining severe injuries. According to Pham, his employer returned the crate to regular warehouse use after his accident and its specific identity was not preserved, which prevents his use of it as evidence in a tort lawsuit against Contico International, Inc., the manufacturer of the crate, and other defendants. Pham sued Advance Polybag, Inc. and Alpine Plastics for spoliation of evidence based upon their failure to set the crate aside for his use as evidence.
Alpine Plastics filed an Exception of No Cause of Action, asserting, as plaintiff's employer, the statutory immunity against tort suit afforded by LSA-R.S. 23:1032. Apparently the trial court did not rule on that pleading. Alpine Plastics and Advance Polybag then filed a joint Motion for Summary Judgment, arguing first that the law does not recognize an employee's claim against an employer for spoliation of evidence (essentially reiterating their Exception of No Cause), and in the alternative, if the law did recognize such a claim, then such a claim must state an intentional tort and not negligence, and that Pham's petition did not plead an intentional tort. In their memorandum in support, Alpine again asserted employer statutory immunity, and Advance Polybag alleged that they were a separate corporate entity retained by Alpine Plastics to perform various administrative functions at the warehouse, and that Advance Polybag did not employ Mr. Pham, nor did it exercise any control of the warehouse activities.[1] The motion further alleged that the crate had not been destroyed, but merely cannot be specifically identified and continues to be in service at the warehouse along with 24 other collapsible crates that are indistinguishable. All of the crates are available for plaintiff's inspection.
The Motion was submitted on briefs. The trial court granted the Motion for Summary Judgment without written reasons, stating merely that Pham had "no cause of action" and the two defendants were dismissed.[2] The substance of defendants' arguments, and what the trial court found in its judgment, is that "no cause of action exists" against defendants for spoliation of evidence. Therefore, the grant of summary judgment is more akin to a grant of an Exception of No Cause of Action, and we will conduct our analysis in this fashion.
In this case, the issue of law is whether, and if so, to what extent, an employer may be held liable in tort for its failure to preserve evidence that is relevant to the employee's suit against a third party, or whether an employer's statutory immunity, granted by LSA-R.S. 23:1032, precludes this tort suit.
*882 The theory of "spoliation of evidence" refers to an intentional destruction of evidence for purpose of depriving opposing parties of its use. Hooker v. Super Products Corp., 98-1107 (La.App. 5 Cir. 6/30/99), 751 So.2d 889; Kammerer v. Sewerage and Water Board of New Orleans, 93-1232 (La.App. 4 Cir. 3/15/94), 633 So.2d 1357. The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption," which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. Randolph v. General Motors Corp., 93-1983 (La.App. 1 Cir. 11/10/94), 646 So.2d 1019, writ denied, 95-0194 (La.3/17/95), 651 So.2d 276; Kammerer v. Sewerage & Water Bd. of New Orleans, supra. Prior to 1997, the only remedy Louisiana courts have granted for spoliation of evidence claims has been the application of the above-mentioned adverse presumption.[3] Recently, several Louisiana jurisdictions may have set the stage to recognize spoliation of evidence as a distinct and separate tort.[4]
LSA-R.S. 23:1032 states, in pertinent part:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
* * * * *
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

* * * * *
A workers' compensation employer is granted immunity from tort suit by an employee, except for intentional acts, "on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter". Pham's suit against the defendants is not on account of his injury, but is based upon the employer's post-accident conduct in failing to preserve evidence. We note that the exclusive remedy provisions of R.S. 23:1032 do not grant an employer immunity from all tort suits by an employee simply by virtue of the employment relationship between the two. This State recognizes an employee's cause of action against an employer for the torts of wrongful or retaliatory discharge[5], sexual *883 harassment,[6] and false accusation, false imprisonment, and defamation.[7] Therefore, the statutory immunity granted to an employer by LSA-R.S. 23:1032 is not an immunity from all tort suits by an employee, but only those on account of an injury or disease compensable under the workers' compensation statutory scheme.
The Second Circuit in Carter v. Exide Corp., 27,358 (La.App. 2 Cir. 9/29/95), 661 So.2d 698, was faced with the specific issue of whether an employer has a duty to preserve evidence for a third-party lawsuit and, if so, the extent to which an employer may be liable under Louisiana law. Carter, an auto mechanic, was injured when a car battery he was repairing exploded. Carter sued several third parties for his injuries, including the owner of the car. The court first found that an employer's statutory immunity from tort suit did not shield an employer from an employee's tort suit based upon the employer's post accident destruction of evidence. In reaching this conclusion, the court recognized other jurisdictions have held that an employer's statutory immunity from tort liability to its employee for a work related physical injury does not, in and of itself, shield the employer from a claim for economic injury that the employee may suffer as a result of the employer's post-accident conduct that may impair the employee's ability to recover tort damages for his injuries from third parties (cites omitted).
Next, the court considered whether the employer had a duty to preserve the evidence. The court found that the employer had this duty only under a statute, contract, special relationship between the parties, or an affirmative agreement or undertaking to preserve the evidence. For a plaintiff's petition to survive a challenge by exception of no cause of action, the plaintiff must specifically plead such a duty and "require[d] a showing of something more than the general tort duty to act reasonably under the circumstances." Id. at 705. In Carter, the court found that the employer specifically promised the employee that it would preserve the battery, which created the employer's duty to preserve that evidence.
The Third Circuit, in Bethea v. Modern Biomedical Services, Inc., 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227, also agreed that LSA-R.S. 23:1032 did not give an employer immunity from this tort suit, but rejected the Carter court's holding that the employer's duty to preserve evidence must stem from a specific source or circumstance. Defendant filed an Exception of No Cause of Action after the plaintiff alleged an "impairment of civil action" claim as well as negligent and intentional spoliation of evidence. The Third Circuit found that "the absence of a statutory duty is not tantamount to no duty" and that plaintiffs cause of action against her employer for its failure to preserve evidence existed under the broad terms of liability for fault stated in LSA-C.C. art. 2315.
Therefore, the two Louisiana circuits (Second and Third) who have addressed the spoliation of evidence cause of action in this context agree that the general tort immunity given an employer in LSA-R.S. 23:1032 does not shield an employer from an employee's tort cause of action against an employer for spoliation of evidence to be used in a tort suit against a third party. The Second Circuit restricts that cause of action to a narrow list of sources of duty that must be specifically pleaded. The Third Circuit found that the cause of action will lie under the general tort principles of LSA-C.C. art. 2315.
In this case Pham's petition does not meet certain threshold requirements: it does not allege that the crate has been *884 destroyed or concealed, nor does it allege an intentional tort. Spoliation of evidence is the "intentional destruction" of evidence. Pham alleges that the defendants failed to identify, set aside, or further preserve the particular collapsible crate needed as evidence. Advance Polybag and Alpine's answer and other pleadings in the record state that the particular crate has not been destroyed or concealed, but is still in use at the warehouse, is available for plaintiff to inspect. Pham alleges that Alpine Plastics/Advance Polybag "knew or should have known" that Pham would sue Contico and others and that he would need to use the crate as evidence. "Knew or should have known" is a description of negligent, not intentional, conduct. Thus, under either the Second Circuit's restrictive view or Third Circuit's broader one, plaintiff's petition fails to state a cause of action against his employer(s) for spoliation of evidence. Therefore, we affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] Pham alleges in other pleadings that Alpine Plastics and Advance Polybag are alter egos of each other. It does not appear that the trial court made a finding of fact regarding the status of Advance Polybag.
[2] The summary judgment was not originally certified by the trial court as immediately appealable, and the appeal was dismissed by this court upon motion of the defendants. Upon the discovery of a subsequent trial court order certifying the judgment as immediately appealable, this court granted the plaintiffs' Motion for Rehearing and reinstated the appeal.
[3] See Maria A. Losavio, Synthesis of Louisiana Law on Spoliation of Evidence-Compared to the Rest of the Country, Have We Handled It Correctly?, 58 La. L.Rev. 837 (1998).
[4] Carter v. Exide Corp., 27,358 (La.App. 2 Cir. 9/29/95), 661 So.2d 698; Bethea v. Modern Biomedical Services, Inc., 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227; Edwards v. Louisville Ladder Company, 796 F.Supp. 966 (W.D.La.1992).
[5] LSA-R.S. 23:1361; Schiro v. Liljeberg Enterprises, Inc., 97-610 (La.App. 5 Cir. 11/25/97), 703 So.2d 780.
[6] A sexual harassment allegation must be alleged as an intentional tort to survive an exception of no cause of action. See Attardo v. Brocato, 96-1170 (La.App. 4 Cir. 2/5/97), 688 So.2d 1296.
[7] McGowan v. Warwick Corporation, 96-0851 (La.App. 4 Cir. 3/12/97), 691 So.2d 265.