771 So.2d 238 (2000)
Toyia Alexander VERHALEN, Individually and as Natural Tutrix of her minor children, Plaintiffs-Appellants,
v.
FORUM HEALTH MANAGEMENT, OF GEORGIA, INC., d/b/a Riverside Community Hospital, Defendant-Appellee.
No. 34,090-CA.
Court of Appeal of Louisiana, Second Circuit.
November 3, 2000.
Rehearing Denied November 30, 2000.
*239 Troy E. Bain, Shreveport, James D. Hall, Bossier City, Counsel for Appellants.
*240 Judice & Adley, A.P.L.C. by Marc W. Judice, Stacy N. Amy, Danielle M. Smith, Lafayette, Counsel for Appellee, The Medical Protective Company.
Before NORRIS, WILLIAMS and KOSTELKA, JJ.
KOSTELKA, J.
Toyia Alexander Verhalen ("Verhalen"), individually and as natural tutrix of her minor children, appeals the trial court's judgment granting an exception of no cause of action filed by The Medical Protective Company of Fort Wayne, Indiana ("MPC"). For the reasons stated herein, we affirm.

FACTS
On December 12, 1988, Verhalen's husband, David Verhalen ("David"), was admitted by Dr. Fred M. Roberson ("Dr.Roberson") to Riverside Community Hospital ("Riverside") for treatment of varicella pneumonia. After being admitted, David's condition deteriorated, and on December 13th he was transferred to Riverside's intensive care unit where he was placed on a ventilator to assist his breathing. On the night of December 17th, David, who was unrestrained, disconnected the ventilator tube, setting off the nurse's alarm. The nursing staff rushed to David's bed and attempted to intubate him and reconnect his ventilator. The nurses also summoned Dr. Spyrie Mays ("Dr.Mays"), who also attempted to intubate David, but to no avail. At 12:49 a.m. on December 18, 1988, David was pronounced dead.
In December 1989, Verhalen filed a timely Petition for Damages against Riverside for the wrongful death of David contending that its employees were negligent in treating him and that their negligence caused his death. Also in December 1989, Verhalen filed a request for a Medical Review Panel against Dr. Mays, who was insured by MPC. The Medical Review Panel did not convene until February 1995, and according to Verhalen, stated that Dr. Roberson's negligence was the primary cause of David's death. Verhalen claims this was the first information she had that Dr. Roberson's negligence contributed to her husband's death. In May 1995, Verhalen filed a First Supplemental and Amended Petition naming as additional defendants, Dr. Mays, Dr. Roberson, and Southwest Medical Center. In her Second Supplemental and Amended Petition, filed in May 1998, Verhalen named as an additional defendant Paradigm Insurance Company, Riverside's insurer. Finally, in Verhalen's Third Supplemental and Amended Petition, filed on June 23, 1998, almost ten years after the death of David, she named MPC, who provided medical malpractice insurance for Dr. Roberson at the time of the incident at issue in this case.
MPC brought its Motion for Summary Judgment and/or Peremptory Exceptions of Prescription and No Cause of Action in the trial court, raising primarily the argument that its "claims made" policy of insurance for Dr. Roberson did not provide coverage in this instance and it was, therefore, entitled to judgment as a matter of law. The trial court granted MPC's exception of no cause of action, finding MPC did not provide coverage for any acts of medical malpractice that may have been committed by Dr. Roberson because MPC did not receive notice of the claim until May 1995, some four years after the claims made policy coverage ended. This appeal ensued.

DISCUSSION
In her first assignment of error, Verhalen argues that the trial court erred in granting MPC's exception of no cause of action because, in considering such an exception, a court must accept the facts alleged in the petition as true. Related to that assignment of error, which she brings only in the alternative, is Verhalen's third assignment of error, wherein she urges that the trial court erred in its finding that there was no coverage under the MPC policy issued to Dr. Roberson. Although Verhalen's first assignment of error would *241 appear to be legally correct, as the following reasons will show, neither assignment has merit.
MPC brought before the trial court its Motion for Summary Judgment and/or Exceptions of Prescription and No Cause of Action. In the motion for summary judgment portion of MPC's pleading, it specifically argued that no genuine issue of material fact exists as to the insurance coverage by MPC of Dr. Roberson, discussing the law existing regarding claims made insurance policies and that, accordingly, MPC was entitled to judgment as a matter of law. The portion of MPC's pleading addressing its peremptory exceptions of prescription and no cause of action argued specifically that Verhalen's claims against MPC should be disallowed because they were prescribed on the face of Verhalen's petition.
In the trial court's final judgment, it granted MPC's peremptory exception of no cause of action. Although we are mindful of the general proposition that appeals are taken from final judgments and not reasons for judgment, La. C.C.P. art. 2164 also mandates that, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal...." This court has looked to a trial court's reasons for judgment to assist in determining the trial court's intent in reaching its final judgment. See, Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc., 32,783 (La.App.2d Cir.03/01/00), 754 So.2d 336; Bennett v. Louisiana Pacific Corp., 29,598 (La. App.2d Cir.05/09/97), 693 So.2d 1319, writ denied, 97-1552 (La.10/03/97), 701 So.2d 199. Here, Verhalen argues that the trial court erred in granting MPC's exception of no cause of action; thus, we look to the trial court's reasons for judgment to assist us in addressing that assignment of error.[1] Those reasons clearly indicate that the trial court considered evidence and made certain findings of fact which related exclusively to the merits of MPC's motion for summary judgment. Therefore, considering the foregoing, and in the interest of judicial economy, ever mindful of the dictates of La. C.C.P. art. 2164, we conclude that although the wording of the judgment states MPC's exception of no cause of action was granted, the intent of the trial court was to grant MPC's motion for summary judgment, and we will conduct our analysis on that basis. See, Pham v. Contico Intern., Inc., 99-945 (La.App. 5th Cir.03/22/00), 759 So.2d 880.
Under La. C.C.P. art. 966, the plaintiff or defendant in the principal or incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a *242 matter of law. The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact.
When a motion for summary judgment is made and supported, as provided by procedural law, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by procedural law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern the district courts' consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587; Fuggins v. Burger King, 33,473 (La. App.2d Cir.05/10/00), 760 So.2d 605.
In this case, the policy purchased by Dr. Roberson, and captioned a "Claims Made Policy," contained the following provision:
[T]he Company hereby agrees to DEFEND and PAY DAMAGES, in the name and on behalf of the Insured or his estate,
A. IN ANY CLAIM FOR DAMAGES, FILED DURING THE TERM OF THIS POLICY, BASED ON PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED AFTER THE RETROACTIVE DATE, BY THE INSURED OR ANY OTHER PERSON FOR WHOSE ACTS OR OMISSIONS THE INSURED IS LEGALLY RESPONSIBLE, IN THE PRACTICE OF THE INSURED'S PROFESSION AS HEREINAFTER LIMITED AND DEFINED.
IF REPORTED TO THE COMPANY, THE FOLLOWING SHALL BE DEEMED TO BE A CLAIM FILED DURING THE TERM OF THIS POLICY:
a) the receipt, by the Insured, of a notice of legal action for damages as described above, or
b) the receipt, by the Insured, of a notification of an intention to hold the Insured responsible for damages as described above.
. . . .
MPC insured Dr. Roberson and provided coverage for any claims made for services rendered from April 1989 through April 1991, with retroactive coverage from April 1981. Dr. Roberson canceled his policy with MPC effective September 1, 1990, and at that time he declined tail coverage, which would have continued to provide coverage for any acts of medical malpractice which occurred during the policy period and were discovered at a future date. Thus, pursuant to the unambiguous terms of its policy, MPC insured Dr. Roberson for claims made from April 1, 1989 until September 1, 1990 when he cancelled the policy. Verhalen's claims against Dr. Roberson were not brought until May 1995 and MPC was not named as a defendant until June 1998-both dates well after the termination of the MPC policy.
A "claims made" insurance policy is one in which coverage attaches only if the negligent harm is discovered and reported within the policy period. Ward v. Vizzini, 94-638 (La.App. 5th Cir.05/14/97), 695 So.2d 1012, writ denied, 97-2142 (La.11/14/97), 703 So.2d 632. Where a policy unambiguously and clearly limits coverage *243 to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible. Livingston Parish School Bd. v. Fireman's Fund Am. Ins. Co., 282 So.2d 478, 481 (La.1973). This is in accordance with the general principle that, in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Id.; see also, Anderson v. Ichinose, 98-2157 (La.09/08/99), 760 So.2d 302. However, pursuant to La. R.S. 22:629, an insurer cannot limit by provisions contained in a policy the prescriptive period to less than twelve months, which a plaintiff is allowed by law.[2]
Verhalen argues that the claims made provision of the MPC policy is prohibited by La. R.S. 22:629, and she relies on two cases as being supportive of that position: Gary v. Witherspoon, 98-1810 (La.App. 3d Cir.06/02/99), 743 So.2d 708 and Hedgepeth v. Guerin, 96-1044 (La. App. 1st Cir.03/27/97), 691 So.2d 1355, writ denied, 97-1377 (La.09/26/97), 701 So.2d 983. Both of those cases addressed claims made policies; however, in each case the insurer used the policy limitations to decrease impermissibly the amount of time those plaintiffs had to bring suit pursuant to La. R.S. 9:5628. The Gary, supra and Hedgepeth, supra plaintiffs brought suits which were otherwise timely pursuant to the dictates of La. R.S. 9:5628; however, when the limiting provisions of the respective policies were applied by the insurers, they effectively reduced to less than twelve months the amount of time those plaintiffs had to bring suit. The Gary and Hedgepeth courts reached the same conclusion that:
[A] policy provision, which effectively reduces the prescriptive period against the insurer to less than the statutorily mandated period, is without effect. Such a provision would enable an insurer to escape liability for an act of medical malpractice committed shortly before the end of the policy period (e.g., a week or a month) but not reported to the insurer until after the policy was no longer in force. As a result, the effective prescriptive period against the insurer would be reduced from one year to a shorter period. This would be a clear violation of the statutory law, which prohibits limiting a right of action against an insurer to less than one year.
Gary, supra at 712; Hedgepeth, supra at 1364. While at first blush Gary, supra and Hedgepeth, supra appear to be factually analogous to the case at hand, neither case is persuasive when the particular facts in this case are considered. In both of those cases, the insurer attempted to use the limiting provisions to cut short the prescriptive period allowed those plaintiffs under La. R.S. 9:5628. Furthermore, as the record of the trial court shows, that is obviously not the case in this instance.
In this case, the date of the alleged neglect was December 18, 1988, which was also the date of David's death. Thus, pursuant *244 to La. R.S. 9:5628,[3] Verhalen had until December 18, 1989 to bring suit on her cause of action. Dr. Roberson's MPC policy was in effect from April 1, 1989 until the date of its cancellation by Dr. Roberson on September 1, 1990, a date well after the prescription deadline in this case. Verhalen had ample time under the terms of the MPC policy to bring suit against Dr. Roberson and his insurer. Therefore, the limitation in the MPC policy was not violative of the provisions of La. R.S. 22:629 because an application of the MPC policy to the particular facts of this case did not serve to impermissibly limit the time in which Verhalen could bring suit against Dr. Roberson or make an effective claim against his policy. In other words, although Dr. Roberson's MPC policy had a limitation, when the particular facts of this case are considered, it did not shorten the statutorily mandated period dictated by La. R.S. 9:5628 or La. R.S. 22:629.
Considering the clear and unambiguous terms of the MPC claims made policy, it is apparent that any claim made after the termination of the policy would not be covered. Verhalen failed to bring suit against Dr. Roberson until May 1995, four years after the policy expired. Suit against MPC was not brought until June 1998, some seven years after the policy expired, and almost ten years after the date of David's death when the alleged negligence took place. Under the terms of the policy, claims could be made until September 1, 1990, the date the policy was cancelled by Dr. Roberson and a date well after Verhalen's prescriptive deadline of December 18, 1989. Here, MPC is not trying to impermissibly shorten to less than twelve months the amount of time Verhalen had to bring suit against Dr. Roberson, as the insurers in Gary, supra and Hedgepeth, supra did.
Additionally, we observe that although Verhalen argues that notice to MPC regarding claims against Dr. Mayes would somehow serve to put MPC on notice of her claims against Dr. Roberson, Verhalen offered no evidence, only general allegations, that MPC had notice of any potential claim against Dr. Roberson or that MPC even had knowledge that Dr. Roberson was in any way connected to the incident. This argument fails to set forth specific facts which would indicate that there existed a genuine issue for trial. Therefore, for the stated reasons, we conclude that summary judgment in favor of MPC dismissing Verhalen's claims against it is proper as a matter of law.
Verhalen also brings in the alternative her second assignment of error on the issue of whether her claim against MPC had prescribed. We determine that this issue is moot, considering the conclusion that Verhalen's claims fell outside the permissible limitations set by the policy. The issue before the court, as discussed herein, is one regarding the permissibility of policy provisions that limit the time for making a claim under a particular policy of insurance, and not whether such a claim was timely under the law. The prescription of Verhalen's claim against Dr. Roberson, individually, or her claim against MPC, as the insurer of some other party, is not at issue.

*245 CONCLUSION
Considering the foregoing, we affirm the judgment of the trial court and assess all costs of the appeal to Verhalen.
AFFIRMED.
NORRIS, C.J., concurs in the result.

APPLICATION FOR REHEARING
Before NORRIS, C.J., WILLIAMS, STEWART, CARAWAY, and KOSTELKA, JJ.
Rehearing denied.
NOTES
[1] We further note that a court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law generally based only on the sufficiency of the petition. Holloway v. Midland Risk Ins. Co., 33,026 (La.App.2d Cir.05/15/00), 759 So.2d 309; Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). In Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.02/20/95), 650 So.2d 742, 745, the Louisiana Supreme Court recognized that the Louisiana Constitution provides that the appellate jurisdiction of a court of appeal extends to law and facts. La. Const.1974, art. V, § 10(B). As the Ferrell court determined:

This provision, resulting from Louisiana's history as a civilian jurisdiction, has been interpreted as giving an appellate court the power to decide factual issues de novo. The exercise of this power is limited, however, by the jurisprudential rule of practice that a trial court's factual findings will not be upset unless they are manifestly erroneous or clearly wrong. Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits.
Id. (citations omitted).
[2] La. R.S. 22:629 provides, in pertinent part, as follows:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
. . . .
(3) Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.
[3] La. R.S. 9:5628 provides, in pertinent part, as follows:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.