NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-686

FRANCIS BOUTTE AND DELLA BOUTTE

VERSUS

MOTORCYCLE TOUR CONVERSIONS, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2012-10724
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David E. Chatelain*, Judges.

AFFIRMED.

Chatelain, J., concurs and assigns additional reasons.

_____
*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**John Edward Ortego**
**Katherine Paine Martin**
**Gretchen Heider Mayard**
**Martin Mayard, L.L.C.**
**P. O. Box 81338**
**Lafayette, LA 70598-1338**
**(337) 291-2440**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State Farm Mutual Auto Insurance Company**

**Jeffery F. Speer**
**George A. Wright**
**Doucet-Speer, APLC**
**P. O. Drawer 4303**
**Lafayette, LA 70502-4303**
**(337) 232-0405**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Francis Boutte**
     **Della Boutte**

**SAUNDERS, Judge.**

This case involves the grant of an insurance company's motion for summary judgment dismissing a claim made by its insureds for intentional spoliation of evidence. The insureds were in a motorcycle/trike (trike) accident. Prior to the accident, the trike had been modified with an aftermarket product.

The insurance company timely adjusted the insureds' property damage to be a total loss. After having paid the insureds for the total loss, the insureds signed documents making the insurance company the owner of the wrecked trike. Thereafter, the insurance company sold the wrecked trike as salvage.

In the meantime, the insureds filed suit against various parties, including the manufacturers of the trike and its various component pieces. While this suit was pending, the insureds requested the insurance company turn over the trike to them.

The insurance company told the insureds that the trike had been sold. Thereafter, the insureds brought a claim against the insurance company for spoliation of evidence. The insurance company moved for, and was granted, a motion for summary judgment. The insureds appeal.

## FACTS AND PROCEDURAL HISTORY:

Francis and Della Boutte (the Bouttes) were in a motorcycle/trike accident on July 22, 2011. Ms. Boutte was injured in the accident which led to an initial suit by the Bouttes against the manufacturers of the trike and its various component pieces.

On July 22, 2011, the trike was removed from the scene of the accident by Cliff's Towing Service and transported to Church Point, Louisiana. On July 25, 2011, Mr. Boutte notified State Farm that there had been an accident. Mr. Boutte then moved the trike from Cliff's Towing Service in Church Point to Acadiana Bikes in Eunice, Louisiana, to obtain an estimate. On August 2, 2011, State Farm

determined that the trike was a total loss. On August 8, 2011, State Farm obtained ownership of the trike from Mr. Boutte in exchange for payment to the Bouttes for their total loss of the trike.

On October 11, 2011, after obtaining ownership of the trike, State Farm sold it for salvage. Thereafter, the trike moved locations numerous times according to State Farm documents.

In February 2012, the Bouttes' attorney put State Farm on formal notice that it should do everything in its power to preserve the trike. State Farm produced evidence that it attempted to assist the Bouttes' attorney in finding the trike, to no avail.

In July 2012, the Bouttes filed suit against Motorcycle Tour Conversions and D&L Equipment for the alleged mechanical failures of the trike. In November 2012, the Bouttes filed a supplemental petition adding a claim against Diedrich Trading Company. All of these defendants were dismissed via summary judgments signed February 3 and February 5, 2014.

On February 20, 2014, the Bouttes filed a supplemental petition adding State Farm as a defendant. They brought a spoliation claim against State Farm alleging that State Farm intentionally deprived them of the trike. In response, State Farm filed several pleadings including an exception of no cause of action, a motion for summary judgment, and an exception of prescription.

On May 13, 2016, the trial court signed a judgment granting State Farm's motion for summary judgment and exception of prescription. The trial court did not rule on the exception of no cause of action. The trial court found that State Farm met its burden of showing that there was an absence of factual support for key elements of the Bouttes' spoliation claim, particularly that State Farm disposed of the trike with the intent to deprive the Bouttes of evidence.

2

The Bouttes appeal. They allege a single assignment of error.

## DISCUSSION OF THE MERITS:

The Bouttes assert, in their sole assignment of error, that the trial court erred in granting State Farm's motion for summary judgment. We find no merit to this assertion.

"On appeal, the trial court's resolution of a summary judgment motion is reviewed de novo." *Rose v. Liberty Mut. Fire Ins. Co.*, 15-1184, p. 3 (La.App. 3 Cir. 5/18/16), 192 So.3d 881, 884. Louisiana Code of Civil Procedure Article 966(D)(1) details a motion for summary judgment procedure, stating:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

In this case, the Bouttes' claim is based on spoliation of evidence. Our supreme court, in *Reynolds v. Bordelon*, 14-2362 (La. 6/30/15), 172 So.3d 589, found that no cause of action exists for negligent spoliation of evidence. However, there still exists the possibility of a claim for intentional spoliation of evidence.

> The theory of "spoliation of evidence" refers to an *intentional destruction of evidence* for purpose of depriving opposing parties of its use. The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption," which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. Prior to 1997, the only remedy Louisiana courts have granted for spoliation of evidence claims has been the application of the above-mentioned adverse presumption. Recently, several Louisiana jurisdictions may have set the stage to recognize spoliation of evidence as a distinct and separate tort.

*Pham v. Contico Int'l, Inc.*, 99-945, p. 4 (La. App. 5 Cir. 3/22/00), 759 So.2d 880, 882 (citations omitted, footnotes omitted, and emphasis added).

In its motion for summary judgment, State Farm points out that the Bouttes have no evidence that it intentionally deprived them of any evidence. State Farm produced evidence supporting its position that it did not have any intent to deprive the Bouttes of evidence. Thus, it is incumbent on the Bouttes to produce evidence that they can carry their burden to prove at trial that State Farm intentionally deprived them of any evidence.

The Bouttes argue in brief and at oral argument that State Farm did things purposefully to prevent them from obtaining the wrecked trike. However, these arguments are not supported by any evidence in the record. These mere allegations do not constitute supporting evidence sufficient to prevent State Farm's motion for summary judgment. Accordingly, after thoroughly reviewing the record and hearing oral arguments, we find that the Bouttes have produced no evidence that they can carry their burden to prove at trial that State Farm intentionally deprived them of any evidence. As such, this assignment of error lacks merit.

**DISPOSITION:**

Francis and Della Boutte raise one assignment of error. We find no merit in this assignment. Therefore, we affirm the trial court's judgment granting State Farm Mutual Automobile Insurance Company's motion for summary judgment. All costs associated with this appeal are assessed to Francis and Della Boutte.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

4

FRANCIS BOUTTE, ET UX.

VERSUS

MOTORCYCLE TOUR CONVERSIONS, INC., ET AL.

**CHATELAIN, Judge, concurring to assign additional reasons.**

I concur in the decision to affirm the trial court's dismissal of the plaintiffs' claim. Clearly, State Farm presented evidence to controvert the plaintiffs' intentional spoliation claim and shifted the burden of proof to the plaintiffs to establish otherwise. The plaintiffs failed to offer other evidence which would have established a genuine issue of material fact.

I also find the plaintiffs failed to appeal and argue that portion of the trial court judgment that granted State Farm's peremptory exception of prescription and have advanced no argument that the interests of justice require us to address that issue. In my view, the plaintiffs' failure to advance any argument on the propriety of the trial court's granting of State Farms' peremptory exception of prescription constitutes an abandonment of that issue.

It is well settled that "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La.Code Civ.P. art. 923. I find that portion of the trial court's judgment which granted State Farms' peremptory exception of prescription has become final. *See* La.Code Civ.P. art.

1841. Accordingly, in addition to our treatment of the summary judgment issue, I find the peremptory exception of prescription further defeats the plaintiffs' claim against State Farm.