919 So.2d 736 (2005)
Karen Longwell and her Husband, Charles LONGWELL, and adult Daughter, of Karen Longwell, Jennifer Rodriguez
v.
JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1 d/b/a West Jefferson Medical Center, Dr. Robert C. Dawson, III and Culicchia Neurological Clinic, L.L.C.
No. 05-CA-324.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
P. Chris Christofferson, New Orleans, Louisiana, for Plaintiff/Appellee.
Peter J. Butler, Jr., Peter J. Butler, Michael E. Luquet, Ralph T. Rabalais, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
EDWARD A. DUFRESNE, JR., Judge.
This is an appeal by Jefferson Parish Hospital District No. 1, d/b/a West Jefferson Medical Center, defendant-appellant, from a partial summary judgment in favor of Karen Longwell, et al., plaintiffs-appellees, in this medical malpractice action. For the following reasons we hold that the judgment was improperly certified as appealable, and vacate the appeal.
The pertinent facts are as follows. Karen Longwell was diagnosed as suffering from a cerebral aneurysm or weak "bubble" in an artery in her brain. Dr. Robert Dawson, a specialist in interventional neuroradiology, decided to perform a transfemoral coil embolization of the aneurysm. This procedure involves running a catheter through the arteries and into the "bubble" and then introducing through the catheter a number of microcoils. These coils are then activated and they crinkle up and fill the "bubble" causing the blood to clot in the artery. This effectively prevents the aneurysm from rupturing and causing bleeding in the brain. Unfortunately, during this operation secondary blood clotting occurred and a clot apparently blocked an artery and caused the patient to suffer a stroke.
*737 To perform this procedure it is necessary to make contemporary x-ray images while the catheter and coils are being inserted and activated and that was done in this case. However, when suit was filed it was discovered that the images had all been lost. WJMC represented that it had recently installed a new computerized system in which all of the images were stored electronically in the system. It further represented that the technician operating the machine during the procedure here either did not save the images or did so in a manner that would permit them being overwritten later. In either case it admitted that they were lost. It further acknowledged that La. R.S. 40:2144(F)(2) requires that hospitals retain electronic imaging for three years from discharge of a patient, and that it breached this duty in not doing so.
Plaintiffs thereupon filed a motion for summary judgment regarding the loss or destruction of the images. In that motion it urged that the defendant be adjudged "negligent" for having lost evidence needed for their malpractice suit. A summary judgment was signed which merely recites that plaintiffs' motion for summary judgment is granted. It is otherwise silent on what it purports hold. WJMC now appeals.
Plaintiffs' argument in the district court as well as here is essentially that there is no issue of material fact as to the hospital's negligence, and indeed the hospital has admitted as much. It further urges that it is therefore entitled to a partial summary judgment on this issue pursuant to La. Code Civ. Pro. Art 966(E). While both of these assertions may be true, they do not answer the question which this court deems dispositive of this appeal, which is whether the trial court erred in certifying the judgment as appealable under La.Code Civ. Pro. Art.1915(B)(1).
In Berman v. De Chazal, 98-81 (La.App. 5th Cir.5/27/98), 717 So.2d 658, this court held that the determination by a trial judge that a partial summary judgment is appealable is itself reviewable by the appellate courts. We also noted there that as a general rule partial judgments should not be appealed because such appeals lead to piecemeal litigation and disrupt sound judicial administration. However, there are cases where such appeals serve the interest of justice to the parties and outweigh the needs of administrative efficiency, and Art.1915(B)(1) was the legislative response to this circumstance. We also reiterated that the jurisprudence has set forth a number of factors to be considered in weighing the interest of the litigants against that of the courts. Two of those, applicable here, concern the relationship between the adjudicated and unadjudicated claims, and whether the need for review might be mooted by future developments in the case.
Here the judgment appears to be one simply holding that the hospital negligently destroyed records which by statute they were required to maintain for three years. The unadjudicated related issues are first whether that negligence caused harm to the plaintiffs, and if so what were their damages. We see no reason why the partial judgment should be appealable now because neither plaintiffs nor the hospital can suffer any harm in adjudicating the remainder of the issues before seeking relief on appeal. As to mootness, it may well be that there will be a determination that the lost images had no detrimental effect on plaintiffs' malpractice claim against either the hospital or the treating physician, in which case there will be nothing to review. Considering these circumstances, we rule that the judicial policy against piecemeal litigation is not outweighed by any considerations of justice to the litigants, *738 and that the trial judge erred in certifying this partial summary judgment as appealable.
For the foregoing reasons we vacate the certification of appealability issued by the trial judge, and dismiss and remand for further proceedings.
APPEAL DISMISSED AND REMANDED.