869 So.2d 922 (2004)
Mary L. QUINN
v.
RISO INVESTMENTS, INC.; United Fire & Casualty Company; Lafayette Insurance Company; Sol Mayer; and United Services Automobile Association.
No. 2003-CA-0903.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
Rehearing Denied March 24, 2004.
*924 Leonard L. Levenson, Kristine K. Sims, New Orleans, LA, for Plaintiff/Appellant.
James F. Ryan, Donavan & Lawler, Metairie, LA, for Defendant/Appellee, Riso Investments, Inc.
T. Gregory Schafer, Valerie M. Briggs, Schafer & Schafer, New Orleans, LA, for Defendants/Appellees, Sol And Peggy Mayer.
*925 (Court composed of Judge DENNIS R. BAGNERIS SR., Judge TERRI F. LOVE, Judge MAX N. TOBIAS Jr.)
TERRI F. LOVE, Judge.
Plaintiff Mary Quinn filed suit asserting that she was injured while traversing the sidewalk adjacent to the defendants', RISO Investments, Inc.'s and Sol Mayer's, property. Both the plaintiff and the defendants filed motions for summary judgment. The trial court granted both defendants' motion for summary judgment, dismissing the plaintiff's action. Subsequently, this appeal was lodged. For the following reasons we affirm in part, reverse in part, and remand.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Mary Quinn, was walking along the sidewalk in the 900 block of Chartres Street in the French Quarter on September 24, 1999. Ms. Quinn claims while walking adjacent to 922 Chartres Street, she tripped on a damaged portion of the sidewalk. Mr. Sol Mayer and Ms. Peggy Mayer own the property located at 922 Chartres Street. As she attempted to regain her balance, she again tripped on another damaged portion of the sidewalk adjacent to 926 Chartres Street, which is owned by RISO Investments, Inc. ("RISO").
Ms. Mayer appeared after Ms. Quinn fell and observed her lying on the sidewalk. Subsequently, Ms. Mayer claims that she called City Hall and was informed by an unidentified city employee that the property owner was responsible for repairing the sidewalk outside of their residence.
Ms. Mayer immediately contacted a repairman to fix the damaged portion of the sidewalk adjacent to her property. On the day of the repairs, she informed her neighbor, Mr. Riso, that her sidewalk was being repaired and offered to repair his also because she believed they were responsible. Mr. Riso owns RISO Investments, Inc. Mr. Riso disagreed, but replied that if the repairman had any cement remaining, he could repair his sidewalk also. The repairman fixed both properties. Ms. Mayer paid for the services, and Mr. Riso reimbursed her for his portion of the repairs. Ms. Mayer claims she had no idea that a lawsuit may possibly be lodged.
Before repair work began, Carol Senft, a friend of Ms. Quinn took pictures of the condition of the sidewalk. While taking the pictures, Ms. Senft claims Ms. Mayer questioned her. Ms. Senft felt intimidated by the interrogation and left. Upon returning two days later, the entire area was covered by visqueen and bounded by caution tape.
Eleven months after the accident, Ms. Quinn filed suit against the named defendants. After discovery, separate motions for summary judgment were filed by all parties. Following a hearing on January 10, 2003, the trial court denied the motion for summary judgment of Ms. Quinn and granted the motions for summary judgment of RISO, United Fire and Casualty Company, Lafayette Insurance Company, Sol Mayer, Peggy Mayer and United Services Automobile Association. Ms. Quinn subsequently lodged this appeal.

Standard of Review
The Louisiana Supreme Court discussed the standard of review of a summary judgment in Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257 (La.2/29/00), 755 So.2d 226. They found in pertinent part:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, *926 and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Id. at p. 7, 755 So.2d at 230-31.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. Willis v. Medders, 2000-2507, p. 1 (La.12/08/00), 775 So.2d 1049, 1050. This court reasoned in Coto v. J. Ray McDermott, S.A., 99-1866, p. 4 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, 830 that determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Based on the foregoing, in the instant case, this Court must conduct a de nov o review to determine whether the trial court committed error in denying plaintiff's motion for summary judgment and granting summary judgment in favor of the defendants, RISO, Sol Mayer, and Peggy Mayer.

FIRST ASSIGNMENT OF ERROR
Ms. Quinn asserts the trial court erred by denying plaintiff's motion for summary judgment on the issue of liability for spoliation of evidence.
Plaintiff claims the defendants spoiled the evidence relative to this case by repairing the sidewalk after a city employee informed them they were responsible for maintaining the sidewalk. Plaintiff also alleges Ms. Mayer repaired the sidewalk in violation of the Vieux Carre Commission's rules requiring a permit. Ms. Mayer informed Mr. Riso of her responsibility in maintaining the sidewalk the day of the repairs, but he disagreed. Although Mr. Riso did not initiate inquiry, he reimbursed Ms. Mayer and did not refrain from repairing his portion of the sidewalk on that day.
Ms. Mayer admits to repairing the sidewalk after the municipal employee told her she was responsible for maintaining the sidewalk. She contends that after being misinformed, she did not want anyone else to be injured and therefore she had the sidewalk repaired. Ms. Mayer also denies she knew litigation was likely when she had the repairs done, emphasizing suit was not filed until eleven months after the accident. Ms. Mayer claims her repairs of the sidewalk should not refrain Ms. Quinn from proving her case because photographs were taken prior to the repairs being completed. As to the permit, Ms. Mayer repeatedly claims she did not know a permit was necessary. Mr. Riso also denies any allegation that he spoiled evidence or created a defect.
We find the Vieux Carre Commission's permit is not relevant to the issue of spoliation.

Spoliation of Evidence
The theory of "spoliation of evidence" refers to an intentional destruction *927 of evidence for purpose of depriving opposing parties of its use. Pham v. Contico Intern. Inc., 99-945, p. 4 (La.App. 5 Cir. 3/22/00), 759 So.2d 880, 882. A plaintiff asserting a state law tort claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient. Id. at 884. Where suit has not been filed and there is no evidence that a party knew suit would be filed when the evidence was discarded, the theory of spoliation of evidence does not apply. Smith v. Jitney Jungle of Am., 35,100, p. 11 (La.App. 2 Cir. 12/5/01), 802 So.2d 988, 995, writ denied, 02-0039 (La.3/15/02), 811 So.2d 913.
Recognizing a claim in tort for spoliation of evidence presents a relatively new concept in Louisiana jurisprudence and has been the subject of recent consideration in our courts. Guillory v. Dillard's Dept. Store, Inc., 2000-190, p. 3 (La.App. 3 Cir. 10/11/00), 777 So.2d 1, 3. The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption", which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. Pham, 99-945, p. 4, 759 So.2d at 882.
In order to satisfy the test for spoliation, Ms. Quinn must establish Ms. Mayer and RISO destroyed evidence to intentionally deprive the plaintiff of its use at trial. Both parties agree Ms. Mayer repaired the sidewalk. In the case at bar, there are factual disputes as to whether Ms. Mayer and RISO knew a lawsuit would be filed when the repairs were made and whether the defendants' repaired the sidewalk to prevent Ms. Quinn from proving her case at trial.
The plaintiffs offer testimony that Ms. Mayer saw Ms. Quinn on the ground the day of the accident. They also urge Ms. Mayer saw Ms. Senft take pictures after the accident of the area and questioned her intentions. Afterwards, Ms. Mayer called City Hall to determine who was responsible. After the city told her who was responsible, she repaired the sidewalk. Mr. Riso disagreed with Ms. Mayer regarding her responsibility to repair the sidewalk, but allowed the repairman to fix the portion of the sidewalk adjacent to his property. Mr. Riso authorized the repairs after talking to Ms. Mayer and reimbursed her.
Ms. Mayer declares in her deposition that she did not know or anticipate a lawsuit would be filed when she repaired the sidewalk. She only repaired the sidewalk because the city told her she was responsible for it and she did not want anyone else to be injured. Mr. Riso also denies knowing a lawsuit would be filed.
Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Johnson v. Hitchens, 518 So.2d 1154, 1156 (La.App. 4th Cir.1987). A genuine issue of material fact exists as to their motive in fixing the sidewalk and to their knowledge of a possible lawsuit. We affirm the trial court's decision in denying plaintiff's motion for summary judgment.

SECOND ASSIGNMENT OF ERROR
Plaintiff asserts that the trial court erred in granting defendants' motions for summary judgment. Ms. Quinn argues ultimately it was the defendants who knew or should have known of the risk posed by the sidewalk and they failed to take any steps to prevent the damage caused by it. Ms. Quinn alleges the defendants are liable under two theories of recovery: strict liability *928 under La. Civil Code art. 2317 and negligence via La. Civil Code art. 2315.
There is a difference in proof between these two theories of liability, however, in that under La. Civil Code art. 2315, the plaintiff must show that the owner or custodian either knew or should have known of the risk, whereas under La. Civil Code art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant. Anderson v. Tenneco Oil Co., XXXX-XXXX, p. 10 (La.App. 4 Cir. 5/22/02) 826 So.2d 1143, 1152, writ denied, 02-2035 (La.11/1/02), 828 So.2d 585.
Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury. Id. at 1153.

Strict Liability
It is well settled law in Louisiana that strict liability under La. C.C. art. 2317 is based upon the relationship between the person with custody and the thing posing an unreasonable risk of harm to others. Thumfart v. Lombard, 613 So.2d 286, 290. The Louisiana Supreme Court has used a two-part test in determining whether the defendant has custody. First, the defendant should have a right of direction and control over the thing. Second, a court should examine what, if any, kind of benefit the defendant derives from the thing. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991); King v. Louviere, 543 So.2d 1327, 1329 (La.1989).
We have only extended liability to adjoining landowners when they exercise control over the area, usually via a servitude or lease. Landowner liability is not extended if the adjoining landowner does not exhibit custody or overt control over the sidewalk. In Houssiere, we failed to extend liability to an adjoining landowner who allowed the bushes and shrubbery to grow over a crack and obscure it. Houssiere v. Lafayette Insurance Co., 559 So.2d 903 (La.App. 4th Cir.1990). In Thumfart v. Lombard, 613 So.2d 286 (La. App. 4th Cir.1993), we extended liability to the landowner who paved over the sidewalk creating a driveway for his commercial establishment. We maintain that where an abutting landowner develops adjacent property and adopts it as his own private, and not public, use, he may be held strictly liable for defects posing an unreasonable risk of danger located on such property. Id. at 292. See, Rubino v. Louisiana Stadium and Exposition Dist., 619 So.2d 738 (La.App. 4th Cir.1993) (Liability extended to adjoining landowner who had a servitude over the property). See also, Ehrman v. Holiday Inns, Inc., 94-0312 (La.App. 4 Cir. 3/29/95), 653 So.2d 732, writ denied, 95-1051 (La.6/16/95), 655 So.2d 343. (Liability extended to adjoining landowner who leased property and maintained by cleaning daily per terms of the lease.)
Ms. Quinn urges the Mayers and RISO had control over the sidewalk because after the accident, they initiated contact with the city and repaired the sidewalk. Relying on Dupree v. City of New Orleans, 99-3657 (La.8/31/00), 765 So.2d 1002, Ms. Quinn concludes this action proves Ms. Mayer knew the sidewalk was dangerous prior to the accident and should have erected a barrier before the accident. Ms. Quinn's reliance on Dupree is misguided. In Dupree, the Louisiana Supreme Court held the Sewerage and Water Board ("SWB"), not the city, had custody over the street where a cave-in caused serious *929 injury to Mr. Dupree. SWB had monitored the area and cave-in six weeks prior to the accident erecting barricades before and after the accident, completing inspections and work orders. Ultimately, SWB concluded they were not responsible for the cave-in and contacted the city, but the Court held their actions before and after the accident constituted garde.
In the case at bar, the adjoining landowners, the Mayers and RISO, actions do not rise to custody. First, the defendant should have a right of direction and control over the thing. Ms. Quinn urges RISO had custody by sweeping the sidewalk and authorizing the repairs. None of the cases decided in this circuit extend landowner liability to an individual who sweeps the sidewalk. Ms. Quinn urges Ms. Mayer had control over the sidewalk by authorizing the repairs. Mr. Riso and Ms. Mayer did not exercise control by authorizing the repairs on the sidewalk. The repairs were only made based on erroneous information from the city.
Second, the defendants must derive a benefit from the thing. Ms. Quinn argues the defendants' benefit was the sidewalk was used as a means of ingress and egress. The public sidewalk is available for public use. Many people use the sidewalks in the French Quarter on a daily basis. This case is distinguishable from Thumfart because the sidewalk was not changed in any way to accommodate the defendants' businesses. Neither RISO nor Ms. Mayer derive a special benefit from the thing which did not benefit the public in general. Finding neither defendant exercised control, nor derived a benefit from the sidewalk, we conclude the defendants did not have custody over the sidewalk. Therefore, we affirm the trial court's decision to grant defendants' motion for summary judgment on the issue of strict liability.

Negligence
In applying the law of negligence, the abutting property owners are under no duty to repair or maintain a public sidewalk. Monteleon v. City of New Orleans, 617 So.2d 49 (La.App. 4th Cir. 1993). The burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner. Houssiere v. Lafayette Insurance Co., 559 So.2d 903, 904 (La.App. 4th Cir.1990). An abutting property owner is not generally responsible for the repair or maintenance of a public sidewalk except where the defect in the sidewalk was caused by that landowner. This exception is based on negligence under La. C.C. art. 2315. Schully v. Hughes, 2000-2605, p. 3 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1221.
Ms. Quinn argues Mr. Riso's action in assuming responsibility for the repairs raises a suspicion and/or creates a presumption for the possibility that perhaps he did so because he, in fact, caused the defective condition. Ms. Quinn argues the Mayers are liable under negligence theory because Ms. Mayer not only knew of the dangerous condition of the sidewalk, but she also contributed to or caused the condition by planting a tree in the area where Ms. Quinn fell.
Generally, the adjoining landowners, RISO and the Mayers, would not be responsible for maintaining the sidewalk, unless they caused the defect. Under the negligence theory, the defendants can only be held liable if they caused the defect that was the cause-in-fact of the injury. A genuine issue of material fact exists as to whether RISO and Ms. Mayer caused the defect. Quinn alleges Ms. Mayer caused the defect because she planted a tree in the planter. Ms. Mayer does not deny planting the tree, but avers she did not cause the defect in the sidewalk. Mr. Riso *930 denies causing a defect in the sidewalk claiming many utilities are responsible for the sidewalk's condition. A genuine issue of material fact exists as to whether the adjoining landowners caused the defect in the sidewalk under the negligence theory. Therefore, we reverse the trial court's decision to grant defendant's motion for summary judgment on the issue of negligence.

CONCLUSION
Finding a genuine issue of material fact exists as to spoliation, we pretermit discussion of the third assignment of error asserting summary judgment is inappropriate in favor of defendants if this court finds spoliation of evidence.
For the foregoing reasons, we affirm the trial court's decision denying plaintiff's motion for summary judgment on spoliation and granting defendant's motion for summary judgment on strict liability. We reverse the trial court's decision to grant defendant's motion for summary judgment on the issue of negligence. We remand the matter for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.