THOMAS F. DALEY, Judge.
|2In this personal injury suit, plaintiff/appellant, Melissa Luminais, appeals a jury verdict dismissing her case against defendants, O.R.S.T. Inc. D/B/A Rivershack Tavern and Essex Insurance Company, Inc., Walter J. Teoulet, Jr., and others.[1] Luminais sued the defendants for injuries she allegedly sustained in an accident on the stairs at the Rivershack Tavern in Jefferson, Louisiana, on June 7, 1999. After a three day trial in March of 2006, the jury returned a verdict for the defendants, finding that the steps upon which Lumi-nais fell were not unreasonably dangerous. The plaintiff moved for a New Trial and a Judgment Notwithstanding the Verdict, which were denied.
On appeal, Luminais asserts the following Assignments of Error:
1. The trial court committed reversible error when it released Walter J. Teoulet, Jr., a defendant, from his subpoena sua sponte, without a Motion to Quash Subpoena or hearing;
_Jj2. The trial court committed reversible error when it considered hearsay evidence in its inquiry about the unavailability of the defendant, Walter J. Teoulet, Jr., to testify. The trial court further erred in considering this evidence when it was not revealed by defense counsel until the last day of trial, the day Teoulet was called to testify;
3. The trial court committed reversible error when it refused to admit affidavits executed by Teoulet in prior litigation concerning the same stairs at issue in this litigation, which affidavits were against his interest, on the basis that the affidavits constituted hearsay;
4. The trial court committed reversible error when it further refused to allow the plaintiff to introduce the affidavits by the unavailable witness as provided for under LSA-C.E. art. 804 (hearsay exceptions);
*1203 5. The trial court committed reversible error when it refused to allow introduction of other evidence of previous accidents on the same set of stairs, and committed further reversible error by commenting on the value of the evidence in front of the jury;
6. The jury interrogatories were confusing and misleading, because the form precluded the jury from considering the defendants’ negligence if the jury answered “no” to the first interrogatory, which addressed strict liability; and
7. The jury verdict was contrary to the law and evidence.

FACTS

Melissa Luminais filed suit against the defendants in November of 1999, alleging that on June 7, 1999, she fell on the steps while exiting the Rivershack Tavern, sustaining serious injuries to both feet, ankles, and her left wrist. She alleged that the stairs were defective and in unsafe condition, in that they did not | conform to the various applicable building codes, and that defendants knew of these defects, because of previous accidents, yet did not remedy the condition. Luminais ultimately underwent surgery on each ankle (in April of 2002 and December of 2005) to repair damage allegedly related to her trip and fall at the Rivershack.[2]
In her first two Assignments of Error, plaintiff argues that it was reversible error for the trial court to release Walter J. Teoulet, Jr., a defendant and owner of the building in which the River-shack Tavern is operated, from his trial subpoena sua sponte. According to plaintiff, this ruling was made off the record and in chambers, on the last day of trial, and without any warning to plaintiff that this witness would be medically unavailable.
The record reveals that on the first day of trial, in a “housekeeping” exchange with the court and defense counsel, plaintiff counsel states that he will call “possibly” Teoulet as a witness the next day. No discussion was had, at that time, on the record regarding Teoulet’s medical status or availability to testify at trial. Trial lasted three days. A supplemental exhibit filed into the record by plaintiff shows that a trial subpoena directed to Teoulet was filed into the record on March 13, 2006, which was the first day of trial. The return shows that Teoulet was personally served with the subpoena on March 14, 2006, the second day of trial.[3]
On the third day of trial, the following exchange took place on the record:
| .MR. STEIB:[4]
Okay, Your Honor, the first witness we’re going to call is a Mr. Walter Teoulet, who is the owner of the bar. We received a letter this morning—
MR. THOMPSON:[5]
Mr. Teoulet is not the owner of the bar, he—
MR. STEIB:
*1204 Okay, I’m sorry. The owner of the property, and we received notice this morning that he’s unable to attend. In lieu of his live testimony, we would then like to introduce his deposition.[6]
The trial court went on to explain to the jury what a deposition was, and Mr. Teoul-et’s deposition was read into the record.
The appellate record shows no objection by plaintiffs counsel to the trial court’s releasing Mr. Teoulet from his trial subpoena, and indeed, shows acquiescence with the trial court’s alleged ruling in chambers, by introducing the deposition in lieu of his live testimony. As a result, the alleged error by the trial court concerning Mr. Teoulet’s appearance at trial was not preserved for appeal and is beyond this Court’s scope of review. Therefore, this Assignment of Error is without merit. Winston v. Flamingo Casino, 99-0209 (La.App. 4 Cir. 9/22/99), 746 So.2d 622.
Likewise, any unrecorded objection to the alleged hearsay evidence, the doctor’s letter that the trial court allegedly considered in support of his ruling releasing Teoulet from his subpoena, has not been preserved for appeal.
| filn the next two Assignments of Error, plaintiff argues that the trial court committed reversible error when it refused to admit affidavits executed by Teoulet in prior litigation[7] concerning the same stairs at issue in this litigation, which affidavits were against his interest, on the basis that the affidavits constituted hearsay.
The record shows that plaintiff counsel proffered these affidavits immediately before offering Teoulet’s deposition in lieu of his live testimony. Plaintiff counsel noted on the record that the trial court had ruled that the original and supplemental affidavits would not be presented to the jury, but failed to state upon what basis the trial court excluded the affidavits from evidence. Plaintiff counsel argues, in brief, that the affidavits were excluded on the basis that they were hearsay. Plaintiff argues on appeal that the affidavits are not hearsay, since they fall under the hearsay objection found in LSA-C.E. art. 801(D)(2).
Art. 801(D)(2) states that a statement is not hearsay if the statement is offered against a party and is his own statement, in either his individual or a representative capacity (emphasis added). In brief, however, plaintiffs counsel makes clear that these affidavits would be offered to contradict- the testimony of a co-defendant, James Collings, the owner/operator of the Rivershack, the defense’s only other fact witness. Since these affidavits of Teoulet were not sought to be offered against Teoulet himself, they do not fall under the hearsay exception noted above, and the trial court’s ruling was correct.
Likewise, plaintiffs fourth Assignment of Error argues that the trial court erred in excluding the affidavits under LSA-C.E. art. 804, arguing that affidavits by a party presented against that party’s interest are admissible under this article as an admission against interest. Again, looking at the substance of the argument in [7brief in this Assignment of Error, it is clear that plaintiff sought these affidavits specifically to refute the testimony of James Collings. Again, since the affidavits were not sought *1205 to be used against the affiant himself, Teoulet, use of this exception to the hearsay rule is unavailing and the trial court’s ruling correct.
In plaintiffs fifth Assignment of Error, she argues that the trial court erred when it refused to allow the introduction of evidence of previous accidents on these same stairs. She further argues that the trial court improperly commented on the value of this evidence in front of the jury.
Evidence of prior accidents is admissible for the limited purpose of showing that a thing or place was dangerous and the defendant knew of the dangerous condition. However, the prior accidents must be closely related in circumstance to the injury or hazard at issue. To be relevant, the other accident should occur at substantially the same place, and under substantially the same conditions and must be caused by the same or similar defect, danger, act or omission. Brodtmann v. Duke, 96-0257 (La.App. 4 Cir. 2/11/98), 708 So.2d 447.
Prior to trial, Luminais filed a Motion for Summary Judgment on the limited issue of notice. Therein, she sought the trial court’s determination that O.R.S.T. already had notice that the stairs contained a defect that rendered them unreasonably dangerous, citing the Dufour lawsuit filed against O.R.S.T. in 1995, which was attached to the Motion for Summary Judgment. Introduction of the Dufour Petition for Damages as a piece of evidence was not specifically sought as such.[8] Defendants opposed the Motion, arguing it was putting the cart before the horse to determine whether a defendant had notice of an allegedly unreasonably 1 sdangerous condition before the trier of fact had determined whether the condition was, in fact, unreasonably dangerous. The defendants also opposed the Motion on the grounds that the Dufour suit never went to judgment, and therefore it was never determined whether the stairs were defective. The defendants also argued that, based on the Dufour Petition, the accidents were too dissimilar or there was not enough information about the Dufour incident to determine whether the accidents were similar to each other. It was noted that Ms. Dufour alleged that her accident was caused by her heel catching the “improperly installed” metal stripping on the stairs, which differs from the allegations in this suit.
At the hearing on the Motion in December of 2005, the trial court deferred ruling on the Motion until trial. The Motion was denied by written judgment, however, on January 23, 2006.
At trial, counsel for plaintiff questioned James Collings about the allegations in the Dufour lawsuit, specifically referencing the Petition. Accordingly, the jury heard testimony that there was a previous accident on these stairs. However, plaintiff did not seek to introduce the Dufour Petition for Damages during Coll-ings’s testimony, or at any other time. Furthermore, plaintiff in brief does not cite to a specific page in the record wherein counsel sought to introduce the Petition. *1206 Accordingly, there is no adverse ruling on the introduction of the Petition, since it was never requested.
Plaintiff contends that the trial court improperly commented, in front of the jury, on the relevancy of the Dufour lawsuit. The judge made his comment following an objection by defense counsel, who was pointing out that in the Dufour lawsuit, Ms. Dufour specifically alleged that she tripped on the metal |3treads on the stairs, which fact differed from the allegations in Luminais’s lawsuit.[9] To this extent, since it immediately followed a defense objection, it appears that the trial judge was sustaining defense counsel’s objection to further discussion of this aspect of the Dufour lawsuit since the facts of the two suits were not sufficiently similar, specifically the fact that Dufour allegedly tripped on the metal treads, whereas Lu-minais did not. On this point, we see no error. The remark, sustaining the defense objection on a specific point, was specific to the objection and not directed generally to the witness’s discussion of the Dufour lawsuit, which had already been discussed at length, without objection, during Coll-ings’s testimony.
In plaintiffs sixth Assignment of Error, she argues that the trial court erred when, after properly instructing the jury on negligence under LSA-C.C. arts. 2815 and 2316, it provided the jury with a special verdict form that precluded the jury from considering defendant’s negligence under C.C. art. 2315. Specifically, plaintiff argues that the jury interrogatories contained a “fundamental error” when they instructed the jury, if it answered “no” to the first interrogatory, to cease deliberations. Plaintiff argues that the first interrogatory addressed liability under C.C. art. 2317 only, or strict liability, and the instruction did not give the jury the opportunity to determine if Teoulet’s and O.R.S.T.’s negligent maintenance and construction of the stairs was a cause in fact of the plaintiffs injuries; in other words, plaintiff argues, the jury was precluded by the erroneous instruction from reaching a full and complete decision on all issues.
As the Fourth Circuit held in Quinn v. RISO Investments, Inc., 03-0903 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 927-28:
ImMs. Quinn alleges the defendants are liable under two theories of recovery: strict liability under La. Civil Code art. 2317 and negligence via La. Civil Code art. 2315.
There is a difference in proof between these two theories of liability, however, in that under La. Civil Code art. 2315, the plaintiff must show that the owner or custodian either knew or should have known of the risk, whereas under La. Civil Code art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant, (cite omitted)
Under either theory of liability, the plaintiff has the burden of proving that:
(1) the property which caused the damage was in the custody of the defendant;
(2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury, (cite omitted)
(emphasis added)
*1207 Accordingly, this interrogatory did not have the effect of precluding the jury from considering all of the plaintiffs claims. The first interrogatory accurately reflects the threshold inquiry a jury must make under both theories of liability, strict liability and negligence. In addition, plaintiff has failed to cite to the record page wherein counsel objected to the jury interrogatories on the record before they were given to the jury. Accordingly, we see no error.
Plaintiff argues last that the jury verdict was contrary to the law and evidence. Plaintiff argues that it was established that the stairs did not comply with applicable building codes, which are designed to promote safety, and therefore the stairs were unreasonably dangerous. They argue that the evidence established that James Collings admitted he had a duty to provide his patrons with safe premises, that he knew the stairs were unsafe, and that he violated this duty. Plaintiff argues that the only explanation Collings offered as to why the premises in question did not comply with code requirements was that it was entitled to historic non-conforming status.
|nThe jury heard that the Rivershack is an old building that was built before the promulgation of the variously discussed building codes. They also heard evidence that the building has not been formally named a historic structure, which would entitle it to certain non-conforming status, but the jury also heard from the expert witnesses that buildings that preexist the promulgation of building codes are “grandfathered” in, meaning that existing structures that are not in compliance with new codes are not required to perform work to comply with the new codes, unless there is a “major renovation.”[10] James Collings testified that he repaired the three sets of narrow stairs that led outside each of the three doors, and additionally connected the 3 sets of stairs with a continuous riser that made it look like one long, wide set of stairs. Collings testified that before he performed work on the stairs, he called to see if he needed a building permit and was told that he did not, because it was repair work to an existing structure.
Plaintiffs disagreed with Collings’s characterization of the work he performed on the stairs, arguing that the scope of his work was really total replacement of the old stairs, and since the stairs were completely replaced, Collings was required to get a building permit and bring the new stairs in compliance with all building codes, which would have required construction of a landing, accessible handrails, and other changes, the lack of which were the proximate cause of Luminais’s accident.
Clearly, the jury was aware that the scope of Collings’s work on the stairs, whether a building permit was needed for that work, and whether the stairs violated the building codes or were “grandfathered,” were much contested issues. The jury apparently agreed with the defendants’ characterization of the work as a | ^repair job that did not require building permits and compliance with existing building codes, as evidenced by their negative answer on jury interrogatory # 1.
The jury also heard conflicting testimony about the amount of Luminais’s alcohol intake on the evening of the incident, which could have been a basis for their findings that the stairs’ condition was not a cause of the accident. We see no manifest error in the jury’s findings of fact.

AFFIRMED.

. Other defendants are the Unopened Succession of Frederick B. Teoulet, the Unopened Estate of Walter J. Teoulet, Sr., and the Unopened Estate of Mildred M. Teoulet.

. The surgery in 2005 also repaired damage related to a patella dislocation (the knee) caused when plaintiff fell due to instability in her ankle.

. As such, as defense counsel notes in brief, the subpoena was filed late under the Rules for Louisiana District Courts rule 9.15(a), which requires the filing of the subpoena with the clerk of court ten days prior to the desired appearance date.

. Counsel for plaintiff.

. Counsel for defendant O.R.S.T.

. Record, p. 578.

. This prior litigation is the Dufour lawsuit, which is also the subject of further Assignments of Error.

. Allegations contained in petitions filed in other cases are hearsay. In Guillory v. Employers Mut. Liability Ins. Co. of Wisconsin, 411 So.2d 504 (La.App. 1 Cir.1982), the trial judge properly refused to admit into evidence a number of petitions in cases filed in other jurisdictions, which contained allegations relative to the breaking of needles manufactured by the same defendant, "since the allegations contained in those petitions were hearsay and proof of nothing.”

. Luminais alleges that she tripped on the stairs, which were alleged to be generally defective. The Petition does not mention the metal treads.

. Testimony of Mr. Gallardo, expert witness for plaintiff.