970 So.2d 1100 (2007)
Karen LONGWELL and her husband, Charles Longwell and adult daughter of Karen Longwell, Jennifer Rodriguez
v.
JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1 d/b/a West Jefferson Medical Center, Dr. Robert C. Dawson, III and Culicchia Neurological Clinic, L.L.C.
Karen Longwell and her husband, Charles Longwell and adult daughter of Karen Longwell, Jennifer Rodriguez
v.
Jefferson Parish Hospital Service District No. 1 d/b/a West Jefferson Medical Center, Dr. Robert C. Dawson, III and Louisiana Medical Mutual Insurance Company ("Lammico").
Nos. 07-CA-259, 07-CA-260.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2007.
*1101 P. Chris Christofferson, P. Chris Christofferson, APLC, New Orleans, Louisiana, for Plaintiffs/Appellants.
Peter J. Butler, Peter J. Butler, L.L.C., Gretna, Louisiana, and Peter J. Butler, Jr., Michael C. Luquet, Ralph T. Rabalais, Lydia Habliston Toso, Breazeale, Sachse, & Wilson, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiffs/appellants appeal a trial court ruling which granted summary judgment in favor of defendant/appellee hospital on the issue of spoliation of evidence in the context of a medical malpractice claim. For the reasons that follow, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.
This case appears before us for the second time on appeal. Previously, the trial court granted a partial summary judgment in favor of plaintiffs/appellants, Karen Longwell, Charles Longwell, and Jennifer Rodriguez ("plaintiffs or plaintiff"), on the issue of whether defendant/appellee, West Jefferson Medical Center ("WJMC"), was negligent in the destruction of images related to plaintiff's medical procedure. In that appeal, we vacated the certification of appealability issued by the trial judge, dismissed the appeal, and remanded for further proceedings after finding that the judicial policy against piecemeal litigation was not outweighed by any considerations of justice to the litigants.
Following remand, WJMC filed a Motion for Summary Judgment for a dismissal of all plaintiffs' claims against it, as well as a Supplemental Motion for Summary Judgment after plaintiffs filed a Supplemental and Amending Petition.
*1102 After a hearing on December 8, 2006, the trial court granted WJMC's Motion for Summary Judgment. The plaintiffs timely filed the present appeal.
As we noted in our previous decision, Longwell, et al. v. Jefferson Parish Hosp. Serv. Dist. No. 1, et al.,[1] the pertinent facts of the underlying suit are as follows:
Karen Longwell was diagnosed as suffering from a cerebral aneurysm or weak "bubble" in an artery in her brain. Dr. Robert Dawson, a specialist in interventional neuroradiology, decided to perform a trans-femoral coil embolization of the aneurysm. This procedure involves running a catheter through the arteries and into the "bubble" and then introducing through the catheter a number of microcoils. These coils are then activated and they crinkle up and fill the "bubble" causing the blood to clot in the artery. This effectively prevents the aneurysm from rupturing and causing bleeding in the brain. Unfortunately, during this operation secondary blood clotting occurred and a clot apparently blocked an artery and caused the patient to suffer a stroke.
To perform this procedure it is necessary to make contemporary x-ray images while the catheter and coils are being inserted and activated and that was done in this case. However, when suit was filed it was discovered that the images had all been lost. WJMC represented that it had recently installed a new computerized system in which all of the images were stored electronically in the system. It further represented that the technician operating the machine during the procedure here either did not save the images or did so in a manner that would permit them being overwritten later. In either case it admitted that they were lost. It further acknowledged that La. R.S. 40:2144(F)(2) requires that hospitals retain electronic imaging for three years from discharge of a patient, and that it breached this duty in not doing so.
On appeal, plaintiffs assert that the trial court erred in granting WJMC's Motion for Summary Judgment based on the finding that all of the plaintiffs' claims lie in spoliation of evidence within the parameters of Desselle v. Jefferson Parish Hosp. Dist. No. 2 d/b/a East Jefferson Gen. Hosp.[2] Plaintiffs further argue that the trial court erred in dismissing their claim of gross negligence against WJMC based upon the finding that plaintiffs could not demonstrate that the destruction of the images at issue was intentional.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[3] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[4] The appellate court must consider whether the summary judgment is appropriate under *1103 the circumstances of the case.[5] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[6] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[7]
In their original petition, plaintiffs asserted the following relevant claims against WJMC:
IV.
Plaintiffs aver that the Petition for Damages is filed herein against defendants not for a medical malpractice claim of negligent injury but for spoliation of evidence, intentional or negligent, or in the alternative, impairment of a civil action, for the subsequent disappearance of and/or destruction of the cerebral angiogram performed on January 28, 2002 by Dr. Robert C. Dawson III on Karen Longwell while a patient at West Jefferson.
XI.
Plaintiffs aver that spoliation of the evidence and/or intentional interference with a civil claim, i.e. disappearance and/or destruction of Karen Longwell's January 28, 2002 cerebral angiogram and intentional falsification of a medical record should result in an award of damages commensurate with those of proof of the medical malpractice claim, simultaneously filed with the Division of Administration, as well as an award of the presumption in a trial that the missing evidence contained information detrimental to the party which destroyed the evidence, given the statutory obligation to preserve the angiogram film for three years.
In their Supplemental and Amending Petition for Damages filed on September 25, 2006, the plaintiffs supplemented Paragraph IV of their original petition for damages to read:
Additionally, or in the alternative, defendant, West Jefferson, is negligently or grossly negligent in development of and/or enforcement of its administrative policies and procedures relative to creation of and protection of films and digital images of the cerebral angiogram and embolization of an anterior communicating artery aneurysm of Karen Longwell (procedure) performed on January 28, 2002 by Dr. Robert Dawson in Special Procedure Room 3 at West Jefferson, which acts of negligence or gross negligence involving administrative policies and procedures fall outside the Medical Malpractice Act.
WJMC represents that the technicians operating the machine during plaintiff's procedure either did not save the images or did so in a manner that would permit them being overwritten later. In either case, it admitted that they were lost. It further acknowledges that LSA-R.S. 40:2144(F)(2) requires that hospitals retain electronic imaging for three years from discharge of a patient and that it breached this duty in not doing so.
In its Reasons for Judgment the trial court held, citing Desselle v. Jefferson Parish Hosp. Dist. No. 2 d/b/a East Jefferson Gen. Hosp., supra:

*1104 The defendant argues that this suit is one purely for spoliation of evidence, and therefore the plaintiff must present evidence that the failure to maintain the angiogram images was intentional. The plaintiffs' only alleged damage is the impairment of her separate medical malpractice suit. We therefore agree with the defendant that the law of spoliation of evidence must apply.
. . . .
The defendant presented significant evidence that the failure to maintain the film images was inadvertent, and likely due to employees' lack of familiarity with a recently installed "filmless" angiography system. The plaintiff has been unable to produce any countervailing evidence that the failure to maintain the images was intentional.
In Desselle, this Court recounted the law regarding spoliation of evidence, as follows:
The theory of "spoliation of evidence" refers to an intentional destruction of evidence for purpose of depriving opposing parties of its use. Pham v. Contico Intern. Inc., 99-945, p. 4 (La.App. 5th Cir.3/22/00), 759 So.2d 880, 882; Quinn v. RISO Investments, Inc., 03-0903, p. 5 (La.App. 4th Cir.3/3/04), 869 So.2d 922, 927. A plaintiff asserting a state law tort claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient. Pham, 99-945 at p. 4, 759 So.2d at 882; Quinn, 03-0903 at p. 5, 869 So.2d at 927. Where suit has not been filed and there is no evidence that a party knew suit would be filed when the evidence was discarded, the theory of spoliation of evidence does not apply. Quinn, 03-0903, p. 5, 869 So.2d at 927; Smith v. Jitney Jungle of Am., 35,100, p. 11 (La.App. 2nd Cir.12/5/01), 802 So.2d 988, 995, writ denied, 02-0039 (La.3/15/02), 811 So.2d 913. The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption," which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. Pham, 99-945 at p. 4, 759 So.2d at 882; Quinn, 03-0903 at p. 5, 869 So.2d at 927.[8]
This case presents an issue that is one of first impression in this Circuit. In our previous opinions regarding spoliation claims,[9] we had not been confronted with a fact scenario in which a defendant had an obligation to preserve evidence on behalf of a plaintiff. In contrast, the record currently before us reflects that WJMC admits that it negligently violated a statutory duty in not preserving the plaintiff's records.
Other circuits have recognized a cause of action for spoliation that arises when a defendant has an obligation to preserve evidence. In Carter, et al. v. Exide Corp., et al.,[10] the Second Circuit discussed the issue of spoliation as it pertained to an employer and an exception of no cause of action. We find the analysis in that case instructive.
Did the defendant have a duty to preserve the evidence for the plaintiff, *1105 whether arising from a statute, a contract, a special relationship between the parties, or an affirmative agreement or undertaking to preserve the evidence? See generally Edwards v. Louisville Ladder Co., 796 F.Supp. 966 (W.D.La.1992), and authorities cited therein. If so, the plaintiff has a cause of action for the defendant's breach of this duty. If not, the law does not afford the plaintiff a cause of action. The courts have consistently held the plaintiff to a high standard of factual specificity regarding the source of the defendant's alleged duty to preserve evidence for the plaintiff's benefit, requiring a showing of something more than the general tort duty to act reasonably under the circumstances.
The court in Edwards v. Louisville Ladder Co., 796 F.Supp. 966 (W.D.La. 1992), cited above, further referenced the case of Bondu v. Gurvich,[11] a Florida appellate court case that addressed a similar issue to the one at bar. In Bondu, the plaintiff, as personal representative of her late husband's estate, brought a negligence action against an anesthesiologist and a hospital, alleging that the hospital was negligent per se by failing to provide her with requested medical records and that the hospital intentionally interfered with her right of action. In that case, the court recognized a negligence claim for spoliation of evidence where the hospital failed to preserve records. The court held that a duty on the part of the hospital in favor of the plaintiff was established by a statute and since the plaintiff alleged that this duty was breached by the hospital when it failed to furnish her husband's records to her, and that this breach caused her damage in that she lost "a medical negligence lawsuit when [she] could not provide expert witnesses," her complaint stated a cause of action.
In Louisiana, negligence claims are resolved by employing a duty/risk analysis.[12] The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of plaintiff's injury (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damage element).[13]
In our previous Longwell opinion, we observed that the trial court's grant of summary judgment on the issue of WJMC's negligence was premature because the issues of causation and damages had not been addressed, although a breach of duty had already been established.
Here the judgment appears to be one simply holding that the hospital negligently destroyed records which by statute they were required to maintain for three years. The unadjudicated related issues are first whether that negligence caused harm to the plaintiffs, and if so what were their damages. We see no reason why the partial judgment should be appealable now because neither plaintiffs nor the hospital can suffer any harm in adjudicating the remainder of *1106 the issues before seeking relief on appeal.[14]
The record shows that a determination of the causation and damage issues remains outstanding. It appears that the trial court, in granting WJMC's Motion for Summary Judgment, essentially rendered its previous finding of negligence on the part of WJMC moot by dismissing all of plaintiffs' claims against it.
After a review of the record in the present case, we cannot say that the trial court erred in granting summary judgment in favor of WJMC on the specific issue of plaintiffs' deliberate spoliation claims. Simply stated, the record is devoid of evidence that WJMC intentionally destroyed the records at issue and, therefore, a spoliation claim cannot stand as defined by the parameters of Desselle. However, we further find that, based on the facts presented, the trial court erred in dismissing plaintiffs' claims against WJMC in their entirety. We find the present case distinguishable from Desselle in that WJMC had a statutory duty to preserve the plaintiff's records which, when breached, became actionable under a theory of negligence. To the extent that the trial court's judgment holds to the contrary, it is hereby reversed.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Each party is to bear its own cost on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] 05-324 (La.App. 5 Cir. 11/29/05), 919 So.2d 736-37.
[2] 04-455 (La.App. 5 Cir. 10/12/04), 887 So.2d 524.
[3] Bua v. Dressel, 96-79 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348 (citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180).
[4] Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272.
[5] Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
[6] Id. at 1008.
[7] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
[8] 887 So.2d 524, 534.
[9] See also, Hooker v. Super Prod. Corp., 98-1107 (La.App. 5 Cir. 6/30/99), 751 So.2d 889, writ denied, 99-2911 (La.12/17/99), 751 So.2d 880, writ denied, 99-2947 (La.12/17/99), 751 So.2d 884, and Pham v. Contico Int'l, Inc., 99-945 (La.App. 5 Cir. 3/22/00), 759 So.2d 880.
[10] 27,358 (La.App. 2 Cir. 9/29/95), 661 So.2d 698, 704-05.
[11] 473 So.2d 1307 (Fla.App.1984).
[12] Perkins v. Entergy Corp., XXXX-XXXX (La.3/23/01), 782 So.2d 606.
[13] Id.
[14] Longwell, supra, at 737.